IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TIMOTHY C. WEST, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 116-039 |
| ) | |
| RICHARD ROUNDTREE, Richmond ) | |
| County Sheriff Department; CHARLES ) | |
| B. WEBSTER DETENTION CENTER; ) | |
| DR. ROGERS, Medical Department, ) | |
| Richmond County Jail; RICHMOND ) | |
| COUNTY COMMISIONER, District 5 – ) | |
| District 7, ) | |
| ) | |
| Defendants. ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

The Court hereby **GRANTS** Plaintiff's requests to proceed *in forma pauperis* ("IFP") and, on screening, recommends dismissal of the complaint for failure to state a claim, and in the alternative, for lack of subject matter jurisdiction.

### I. BACKGROUND

In his complaint, Plaintiff names the following as Defendants: (1) Richard Roundtree, Richmond County Sheriff; (2) Charles B. Webster Detention Center; (3) Dr. Rogers, Doctor at the Richmond County Jail; and (4) Richmond County Commissioners, District 5-District 7. (Doc. no. 1, pp. 2-3.) Taking all allegations of the complaint as true, as the Court must for purposes of this screening, the facts are as follows. On August 14, 2015, Plaintiff arrived at the Richmond County Sheriff's Department and was placed in a holding a cell from 2 p.m.

until 11:38 p.m. (Doc. no. 1, p. 5.) At 11:38 p.m., medical personnel interviewed Plaintiff and asked if he was HIV positive, to which he responded that he was not. (Id.) Medical personnel took a blood sample from Plaintiff, and on September 18, 2015, a nurse asked Plaintiff how long he had been HIV positive. (Id.) Plaintiff informed the nurse that he was not, in fact, HIV positive. (Id.) Dr. Rogers informed Plaintiff that he was HIV positive due to his CD4 count being 700, and Plaintiff requested a copy of the report. (Id. at 6.)

Upon being released from the Detention Center, testing conducted at the Augusta VA was negative for HIV. (Id.) Plaintiff has been tested for HIV every six months for over twenty years. (Id.) Plaintiff alleges medical negligence by Dr. Rogers in misdiagnosing him with HIV and alleges that it caused depression. (Id. at 7.) Plaintiff requests $900,000 in damages. (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### B. Plaintiff Fails to State a Claim for Deliberate Indifference under 42 U.S.C. § 1983.

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th

Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth

Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff's claims are for medical negligence, not deliberate indifference. Indeed, Plaintiff directly refers to his claims as such. (See doc. no. 1, p. 7.) Even if the court construed his claims as being for deliberate indifference, an unintentional misdiagnosis does not amount to deliberate indifference. Simpson v. Holder, 200 F. App'x 836, 839 (11th Cir. 2006)(" The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment.") Further, Plaintiff does not allege that the misdiagnosis caused mistreatment of another disease, only that it caused him depression. Because Plaintiff's claims only amount to, at most, medical negligence, he cannot state a claim under the Eighth Amendment.

### B. The Court Has No Jurisdiction Over Plaintiff's Medical Malpractice Claim.

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). In order to invoke the jurisdiction of the

Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). For actions brought under 28 U.S.C. § 1332, the burden is on the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011). A Plaintiff must plead facts that support the existence of federal diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991).

Here, Plaintiff has alleged federal question jurisdiction but his claims clearly sound in medical malpractice as noted above. Thus, the only basis for jurisdiction is under 28 U.S.C. § 1332 for diversity of citizenship. However, Plaintiff has failed to allege that Defendants are citizens of another state. (Id. at 4-5.) Indeed, Plaintiff alleges the opposite, Defendants are citizens of the state of Georgia. (Id.) Because Plaintiff admits that there is no diversity of citizenship, his complaint is subject to dismissal.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 16th day of June, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA